IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RONALD A. BRINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 320-049 |
| | ) | |
| TIMOTHY C. WARD, Commissioner, | ) | |
| Georgia Department of Corrections,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

### I. BACKGROUND

Petitioner reports he was sentenced on October 21, 2007 after a jury found him guilty of malice murder in the Superior Court of Laurens County, Georgia, and he is currently serving a life sentence. (Doc. no. 1, p. 1.) The Supreme Court of Georgia affirmed his convictions on July 11, 2011. (Id. at 3.) Petitioner also reports filing a state habeas corpus

---

[1]Because Petitioner is currently incarcerated at Coffee Correctional Facility, a private prison operated by a corporation pursuant to a contract with the Georgia Department of Corrections, the Court **DIRECTS** the Clerk to substitute Commissioner Timothy C. Ward as Respondent. See O.C.G.A. § 42-2-6 (identifying Commissioner as officer in charge of Georgia's penal institutions); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (identifying proper § 2254 respondent as state officer who has custody).

petition in the Superior Court of Lowndes County in 2011, which was denied on May 13, 2014.  (Id. at 3-4.)  In 2015, Petitioner filed his first § 2254 petition before this Court and, after a full review, United State District Judge Dudley H. Bowen denied Petitioner's first § 2254 petition.  (Id. at 4); see also Brinson v. Bryson, CV 315-015, doc. no. 40 (S.D. Ga. Jan. 27, 2016) ("CV 315-015").  On April 11, 2016, Petitioner filed a motion for Certificate of Appealability with the Eleventh Circuit, which was denied on September 1, 2016.  CR 315-015, doc. nos. 44, 47.

Petitioner filed the instant § 2254 petition on July 21, 2020.  (Doc. no. 1.)  Therein, Petitioner requests relief from his 2007 conviction, arguing multiple grounds for relief based on an impartial jury and judge, and ineffective assistance of counsel.  (See generally doc. no. 1.)  Petitioner further recognizes his instant petition is successive, arguing why the Court should grant a Certificate of Appealability.  (Doc. no. 1-2.)

## II.    DISCUSSION

Because Petitioner filed a prior application for a federal writ of habeas corpus, the current application is successive.  The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states as follows:  "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ."  Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999).  Without this authorization, the district court correctly dismisses second and successive habeas corpus applications.  In re Medina, 109

2

F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Petitioner has not been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition. Petitioner appears to believe he can seek a Certificate of Appealability from this Court. (See doc. no. 1-2.) However, such permission can only be granted by the Eleventh Circuit as explained above. Without such authorization, this Court cannot consider Petitioner's claims. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (explaining AEDPA's restrictions on second or successive petitions and concluding "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"); see also In re Medina, 109 F.3d at 1564 (affirming dismissal of claims as successive because petitioner did not first file application with Eleventh Circuit).

### III.   CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of July, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA