IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

RONALD A. BRINSON )
 )
Petitioner, )
 )
v. ) CV 320-049
 )
TIMOTHY C. WARD, Commissioner, )
Georgia Department of Corrections, )
 )
Respondent. )

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. In lieu of objections, Petitioner filed a motion to transfer his successive petition, filed pursuant to 28 U.S.C. § 2254, to the Eleventh Circuit Court of Appeals. (Doc. no. 9.)

Petitioner filed his first § 2254 petition in 2015, challenging his 2007 conviction, and the Court denied that petition. (Doc. no. 3, p. 2.) When Petitioner filed the instant petition on July 21, 2020, again challenging his 2007 conviction, the Magistrate Judge recommended dismissal because Petitioner had not obtained authorization for a second or successive petition from the Eleventh Circuit Court of Appeals. (Id. at 3.) Petitioner requested an extension of time to file objections to the recommendation and seek authorization from the Eleventh Circuit to file a successive petition. (Doc. nos. 5, 7.)

On September 8, 2020, Petitioner filed his application with the Eleventh Circuit. In re: Ronald Brinson, No. 20-13403 (11th Cir. September 8, 2020). The Eleventh Circuit denied the application on September 28, 2020, determining none of Petitioner's proposed claims rely on a new rule of constitutional law or newly discovered evidence. See id., *slip op.* at 3-4. One day later, Petitioner asked this Court for transfer to the Eleventh Circuit of his admittedly successive habeas petition to "avoid harmful dismissal from the Court" and obtain a ruling on appellate counsel's alleged use of a racial slur. (Doc. no. 9, pp. 2-3.)

The Court denies the transfer motion because the Eleventh Circuit denied the prior application to file a successive petition, and Petitioner does not claim an inability to file another such direct application due to an upcoming deadline or procedural hinderance. See Baysen v. Sec'y, Fla. Dep't of Corr., 697 F. App'x 650, 651 (11th Cir. 2017) (*per curiam*) (finding interests of justice did not require transfer of successive petition because no upcoming deadline or procedural hinderance prevented filing of direct application).

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Petitioner's motion to transfer, (doc. no. 9), **DENIES AS MOOT** the motion to proceed *in forma pauperis*, (doc. no. 2), and **DISMISSES** this petition filed pursuant to 28 U.S.C. § 2254.

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this ____2nd____ day of ____Nov.____, 2020, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.